UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| NEW HOLLAND DAIRY, LLC ) | |
| ) | Case No. 11-13644-reg |
| Debtor. ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY,
OR IN THE ALTERNATIVE, ADEQUATE PROTECTION**

Bank of America, N.A. ("BOA"), successor by reason of merger with LaSalle Bank, National Association ("LaSalle"),[1] by counsel, hereby moves the Court for relief from the automatic stay of Bankruptcy Code Section 362, or in the alternative, for adequate protection. In support of this Motion, BOA states as follows:

1. New Holland Dairy, LLC (the "Debtor") commenced this chapter 11 case (the "Case") on September 27, 2011 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Code").

2. No trustee has been appointed in the Case. Debtor has continued in possession of its property and has operated its business as debtors-in-possession pursuant to §§ 1107 and 1108 of the Code since the Petition Date.

3. Jurisdiction over this Motion exists pursuant to 28 U.S.C. § 1334(b). This Motion is a civil proceeding arising in a case under the Code.

4. BOA's Motion is a core proceeding under 28 U.S.C. §§ 157(d)(1) and (b)(2)(A), (G), and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

---

[1] BOA merged with LaSalle on October 17, 2008 and as a result BOA is the successor by reason of the merger with LaSalle, and any and all amounts due and owing to LaSalle are now due and owing to BOA. For purposes of this Motion, BOA and LaSalle shall be referred to collectively as "BOA," unless the context requires otherwise.

6. On August 6, 2008, the Debtor executed that certain Revolving Note (the "Revolving Note"), whereby the Debtor promised to pay BOA the lesser of (i) Three Hundred Ninety-One Thousand Five Hundred and 00/100 Dollars ($391,500.00) or (ii) the aggregate principal amount of all Revolving Loans (as defined in the Loan Agreement, which is defined herein) outstanding under and pursuant to the Loan Agreement (defined herein). A true and correct copy of the Revolving Note is attached hereto as **Exhibit A**[2] and incorporated herein by reference as if fully set forth at length.

7. On August 6, 2008, the Debtor executed that certain Amortizing Agricultural Line Note (the "Line Note"), whereby the Debtor promised to pay BOA the principal amount of Three Million Twenty-Six Thousand Three Hundred Seventy-Five and 00/100 Dollars ($3,026,375.00). A true and correct copy of the Line Note is attached hereto as **Exhibit B** and incorporated herein by reference as if fully set forth at length.

8. On August 6, 2008, in connection with the Revolving Note and the Line Note, the Debtor and BOA entered into that certain Loan and Security Agreement (the "Loan Agreement"), whereby BOA agreed to (i) make such Revolving Loans (as defined in the Loan Agreement) at such times as the Debtor may from time to time request and (ii) make advances on the Amortizing Agricultural Line at such times as the Debtor may from time to time request. In exchange for these agreements, the Debtor pledged, assigned, transferred, delivered, and granted to BOA a continuing and unconditional first priority security interest in and to any and all property of the Debtor (the "Collateral"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit C** and incorporated herein by reference as if fully set forth at length.

9. BOA perfected its security interest in the Collateral, to the extent such security interest can be perfected, pursuant to that certain UCC Financing Statement filed on September

---

[2] For privacy purposes loan numbers, personal account numbers, and other personal information have been redacted from the Exhibits attached hereto.

18, 2008 in the Office of the Indiana Secretary of State as Instrument No. 200800008393528 (the "UCC"). A true and correct copy of the UCC is attached hereto as **Exhibit D** and incorporated herein by reference as if fully set forth at length.

10. Pursuant to the Loan Agreement and the UCC, BOA holds a valid, perfected, and enforceable security interest in the Collateral.

11. The Debtor remains in possession of the Collateral and continues to extensively use the Collateral in the ordinary course of its business. The Debtor's continued use of the Collateral is allowing the Debtor to generate revenue and operate its business. The Debtor's continued use of and operation of the Collateral has caused, and will continue to cause, the Collateral to depreciate in value.

12. As of the Petition Date, the Debtor owed BOA at least $3,577,429.86, consisting of approximately $174,834.84 in accrued interest and late fees, plus attorneys' fees and expenses.

13. Bankruptcy Code § 363(e) provides that any entity that has an interest in property being used by a debtor is entitled to adequate protection of that interest. *See* 11 U.S.C. § 363(e). BOA is an entity that has an interest in property being used by the Debtor and is entitled to adequate protection of that interest. Bankruptcy Code § 362(d)(1) provides that relief from the automatic stay must be granted "for cause," which includes, but is not limited to, the lack of adequate protection. *See* 11 U.S.C. § 362(d)(1). The Debtor has the burden of proof with respect to showing whether BOA's interest in the Collateral is adequately protected. *In Re Boomgarden*, 780 F.2d 657, 663 (7th Cir. 1985); *Fannie Mae v. Decon Bolingbrook Assocs., L.P.*, 53 B.R. 204, 208 (N.D. Ill. 1993).

14. Bankruptcy Code § 361 provides three (3) ways for a debtor to provide a secured creditor with adequate protection. These ways consist of periodic or lump sum cash payments,

additional or replacement liens, and the realization of the "indubitable equivalent" of the secured party's interest in the property. *See* 11 U.S.C. § 361.

15. The Debtor has not provided cash payments to BOA for its interest in the Collateral that are adequate to protect BOA's interest. The Debtor has not offered to provide BOA with additional replacement liens that would adequately protect BOA's interest in the Collateral. BOA does not believe that the Debtor can provide BOA with the "indubitable equivalent" of its interest or any other form of adequate protection. Accordingly, the Collateral is depreciating due to the continued use thereof by the Debtor.

16. The depreciation of value of the Collateral provides grounds for the Court to waive the fourteen (14) day stay of order of Bankruptcy Rule 4001.

WHEREFORE, Bank of America, N.A. respectfully requests that the Court enter an order: (1) granting BOA relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) with respect to all of the Collateral and authorizing BOA to proceed with its rights and remedies with respect to all of the Collateral in accordance with the Loan Agreement and applicable non-bankruptcy law or, alternatively, ordering adequate protection payments to BOA; and (2) granting BOA such other and further relief as is just and equitable in the premises.

Dated: October 21, 2011                                  Respectfully submitted,

*/s/ Jonathan D. Sundheimer*
Matthew M. Hohman, Esq. (20926-02)
**BARNES & THORNBURG**
225 South Sixth Street
Suite 2800
Minneapolis, Minnesota 55402-4662
Telephone: (612) 367-8716
Facsimile: (612) 333-6798
Email: matt.hohman@btlaw.com

-and-

>Jonathan D. Sundheimer (29505-29)
>**BARNES & THORNBURG LLP**
>11 South Meridian Street
>Indianapolis, Indiana 46204
>Telephone:  (317) 236-1313
>Facsimile:  (317) 231-7433
>E-mail:  jsundheimer@btlaw.com
>
>ATTORNEYS FOR BANK OF AMERICA, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served this 21st day of October, 2011, by depositing the same in the United States mail, first class  postage prepaid, addressed to:

Nancy J. Gargula
One Michiana Square Building
Suite 555
100 East Wayne Street
South Bend, IN  46601-2394

Daniel J. Skekloff
Scott Skekloff
Sarah Mustard Heil
Skekloff, Adelsperger & Kleven, LLP
927 S. Harrison Street
Fort Wayne, IN  46802-3609

Kristin T. Mihelic
Office of U.S. Trustee
100 E .Wayne Street
South Bend, IN  46601-2349

>*/s/ Jonathan D. Sundheimer*
>Jonathan D. Sundheimer

INDS01 1301947v1