UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

IN THE MATTER OF:                                    CASE NO. 11-13644

NEW HOLLAND DAIRY, LLC                    Chapter 11

    Debtor.

### DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, ADEQUATE PROTECTION

To The Honorable Robert E. Grant, Chief Judge, United States Bankruptcy Court:

Comes now the Debtor, New Holland Dairy, LLC, by its undersigned counsel and files its Objection to the Motion filed by Bank of America, N.A. styled "Motion for Relief from the Automatic Stay, or in the Alternative, Adequate Protection". In support of its Objection, the Debtor would show that:

1. The Debtor, New Holland Dairy, LLC, filed its voluntary chapter 11 petition on September 27, 2011, and has continued as Debtor-in-Possession since that time.

2. The Debtor operates as a dairy farmer in Wells County, Indiana.

3. The Debtor admits that the Bank of America, N.A. ( "BOA") "Collateral" has a value less than the indebtedness claimed by BOA.

4. The BOA Motion itself does not state with particularity exactly what assets of the bankruptcy estate are the subject of the Motion. Rather, the Motion in general terms states that the Debtor granted to BOA "...a continuing and unconditional first priority security interest in and to any and all property of the Debtor (the "Collateral")." The Motion also attaches a copy of the Loan Agreement as an exhibit. However, the Debtor asserts that BOA does not have a security interest in all of its property.

5.      The Loan Agreement (attached to the Motion as Exhibit C) at paragraph 6.1 does recite that "...a continuing and unconditional first priority security interest in and to any and all property of the Borrower..." is being granted. The Loan Agreement goes on to recite what is included as the "Collateral". However, Debtor does not have all of the types of assets recited by paragraph 6.1. Further, BOA does not have a first priority security interest in all of the property types set forth in paragraph 6.1. Accordingly, the Debtor cannot determine with particularity what assets are the subject of the Bank's Motion. Accordingly, the Motion fails to comply with the requirements of Bankruptcy Rule 9013.

6.      Additionally, among the assets of the Debtor is its dairy herd of approximately 1,288 cows. The Motion does not allude to the cows with particularity and is therefore unclear as whether they are considered to be an asset which is subject to the Motion.

7.      If the Motion is seeking relief as to assets of the Debtor which constitute cash collateral, Debtor would assert that such assets are adequately protected by the replacement lien and other protections set forth in the Court's Order dated September 30, 2011 [Document No. 15]. (However, it would appear that the Motion is not intended to pertain to cash collateral because , in paragraph 15., the Motion states: "The Debtor has not offered to provide BOA with additional replacement liens that would adequately protect BOA's interest in the Collateral." As to cash collateral, the Debtor has offered, and indeed BOA does have a replacement lien.)

8.      If the Debtor's livestock is considered by the Court to be properly a subject of the Motion, the Debtor asserts that the movant's interest in it is adequately protected by a replacement lien on all livestock. This is especially true for the reason that, within the approved cash collateral budget is the provision for the purchase of $42,500.00 of new cows roughly each month. This new

2

cow purchase not only maintains the existing cow numbers, but also adds more cows than are being reduced from the herd *via* culling and death loss.

9. Finally, the interests of BOA in whatever is considered to be the subject of its Motion can be adequately protected. Debtor has sufficient cash flow to make periodic cash payments to compensate for any depreciation in value. Debtor would also assert that all its assets are necessary to an effective reorganization and that no cause exists to grant relief to movant under 11 U.S.C. §362(d)(1).

**WHEREFORE,** the Debtor, New Holland Dairy, LLC respectfully quests that the Motion for Relief rom the Automatic Stay, or in the Alternative, Adequate Protection, by Bank of America, N.A. be denied after notice and a hearing, and grant adequate protection as is appropriate, and for all other relief as is proper in the premises.

        Respectfully submitted,

        SKEKLOFF, ADELSPERGER & KLEVEN, LLP

        /s/ Daniel J. Skekloff
        Daniel J. Skekloff (#146-02)
        927 S. Harrison Street, Second Floor
        Fort Wayne, IN 46802
        Telephone: (260) 407-7000
        Facsimile: (260) 407-7137
        E-mail: djs@sak-law.com
        Attorneys for Debtor(s)

**CERTIFICATE OF SERVICE**

  The undersigned, who is duly admitted to practice law in the State of Indiana and before this Court, hereby certifies that a copy of the above and foregoing was transmitted electronically through the Bankruptcy Court's ECF System, on November 2, 2011, to the following:

Kristin T. Mihelic
Office of the United States Trustee
One Michiana Square, Suite 555
100 E. Wayne St.
South Bend IN 46601

Matthew M. Hohman
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402-4662
Attorney for Bank of America, NA

Jonathan D. Sundheimer
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Attorney for Bank of America, NA

Karen L. Lobring
LOBRING & ASSOCIATES, LLP
5977 West State Road 252
Edinburgh, IN 46124
Attorney for Deere & Company

  The undersigned further certifies that a copy of the above and foregoing was sent by first class United States mail, postage prepaid on November 2, 2011, to the following:

New Holland Dairy, LLC
c/o Gerrit Houtjes
1290 N. Shoop Avenue, Suite 140
Wauseon OH 43567

             /s/ Daniel J. Skekloff
             Daniel J. Skekloff (#146-02)